IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JING FU ZHOU and INNOVATIVE TECHNOLOGY & TRADING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STUART I. MACKENZIE, MARIA C. ENGFELT, and KRISTINA CIUNKAITE ZHOU, <br><br> Defendants. | No. C 06-05036 JSW <br><br> **ORDER TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Now before the Court is the motion to dismiss filed by defendants Stuart I. MacKenzie ("MacKenzie") and Maria C. Engfelt ("Engfelt"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for April 6, 2007 is HEREBY VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby grants MacKenzie and Engfelt's motion.

**BACKGROUND**

Plaintiffs Jing Fu Zhou ("Mr. Zhou") and Innovative Technology & Trading, Inc. ("ITT") (collectively, "Plaintiffs") filed this action against defendants Kristina Ciunkaite Zhou ("Ms. Zhou"), MacKenzie, and Engfelt (collectively, "Defendants").[1] Plaintiffs initially filed an

---

[1] Mr. Zhou is proceeding *pro se* and purports to represent both himself and ITT. The Court notes that "a corporation may appear in the federal courts only through licensed counsel." *See Rowland v. California Men's Colony,* 506 U.S. 194, 202 (1993); *see also* Civil Local Rule 3-9(b). However, because the Court is dismissing the entire action for lack of jurisdiction, the Court need not address whether ITT is properly in this action.

action asserting various federal claims. On January 11, 2007, Plaintiffs filed an amended verified first amended complaint ("FAC"), asserting only state law causes of action.

Plaintiffs allege that Mr. Zhou "is a Chinese-born electrical engineer of Canadian citizenship and residence status, living in Fremont, California and working under a valid H1-B visa ... in Milpitas, California. (FAC, ¶ 1.) ITT "is a California corporation ... with operations and business headquarters located in the [*sic*] Fremont, California." (*Id*., ¶ 2.) Ms. Zhou is a citizen of both Lithuania and Canada, and currently resides in Canada. (*Id*., ¶ 3.) MacKenzie and Engfelt both live in California. (*Id*., ¶ 4; *see also* Declaration of Stuart I. MacKenzie, ¶ 3; Declaration of Maria C. Engfelt, ¶ 3.).)

MacKenzie and Engfelt filed a motion to dismiss based on the following three grounds: (1) lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) the Domestic Relations Exception; and (3) the *Younger* abstention doctrine.

## ANALYSIS

### A.   Legal Standards Applicable to a Motion to Dismiss.

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court only has original subject matter jurisdiction in diversity cases where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332. No plaintiff can be a citizen of the same state as any of the defendants. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *see also Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) ("Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants.").

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004.) Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence that would be properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

### B.     MacKenzie and Engfelt's Motion to Dismiss.

Plaintiffs assert only state-law causes of action against Defendants, and thus, they must demonstrate the existence of diversity jurisdiction. MacKenzie and Engfelt contend that federal jurisdiction is lacking because there is not complete diversity between the parties. As stated above, there must be complete diversity, meaning no plaintiff can be a citizen of the same state as any of the defendants. *Strawbridge*, 7 U.S. at 267; *see also Allstate*, 358 F.3d at 1095.

For purposes of diversity jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c); *see also Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). According to the complaint, ITT is incorporated and has its principal place of business in California, and thus, is a citizen of California. (FAC, ¶ 2.) MacKenzie and Engfelt are citizens of California.  Mr. Zhou and Ms. Zhou are both aliens for diversity jurisdiction purposes. *See Kantor v. Wellesley Galleries Ltd.*, 704 F.2d 1088, 1091 (9th Cir. 1983) (in order to be a "citizen" of a state under § 1332, "it is elementary law that one must first be a citizen of the United States.") (citations omitted).

To the extent ITT, as a corporation not being represented by counsel, is a plaintiff properly before the Court, the Court finds there are California citizens as both plaintiffs and defendants, and thus, complete diversity is lacking. Even if ITT is not properly a party in this

3

1  action, diversity jurisdiction is destroyed by the presence of aliens, Mr. Zhou and Ms. Zhou, on
2  both sides of the litigation. *See Faysound Ltd. v. United Coconut Chemicals., Inc.*, 878 F.2d
3  290, 294-95 (9th Cir. 1989).

4  In an effort to demonstrate complete diversity, Mr. Zhou seeks to amend the complaint in his opposition to the motion to dismiss. If the complaint were amended as Mr. Zhou seeks, Mr. Zhou would bring several causes of action against MacKenzie and Engfelt and ITT would bring the remaining causes of action against Ms. Zhou. Thus, according to Mr. Zhou, there would be complete diversity if the Court considered each cause of action separately. However, there must be complete diversity between all parties in an action. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must beet the requirements of the diversity statute for *each* defendant or face dismissal") (emphasis in original). Based on the absence of complete diversity in this action, the Court grants MacKenzie's and Engfelt's motion to dismiss.[2]

## CONCLUSION

For the foregoing reasons, the Court GRANTS MacKenzie's and Engfelt's motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 2, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court is granting MacKenzie and Engfelt's motion to dismiss for lack of jurisdiction, the Court need not address their additional bases for dismissal raised in their motion, the Domestic Relations exception and the *Younger* abstention doctrine.

4